# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PTI UNION, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. |
| ) | **JURY TRIAL DEMANDED** |
| CHATTEM, INC. and GOLD BOND CO., ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF PTI UNION, LLC'S COMPLAINT AGAINST CHATTEM, INC. AND GOLD BOND CO., LLC

Plaintiff PTI Union, LLC, by and through undersigned counsel, submits this Complaint for breach of contract for indemnification, common law indemnification, and declaratory judgment against Chattem, Inc., and Gold Bond Co., LLC, individually and as successor in interest to Chattem, Inc., stating as follows:

### PARTIES

1. PTI Union, LLC ("PTI Union") is a blending and bottling contractor for branded cosmetics, pharmaceuticals, and over-the-counter health and personal care product owners.

2. PTI Union is a North Carolina limited liability company with its principal place of business in Union, Missouri.

3. Upon information and belief, Defendant Gold Bond Co., LLC, as successor in interest to Chattem, Inc. ("Gold Bond Co."), is a wholly-owned, direct subsidiary of Chattem Inc. ("Chattem").

4. Defendant Chattem is a Tennessee corporation with its principal place of business in Chattanooga, Tennessee. From 1996 until 2021, Chattem was a producer and marketer of over-the-counter healthcare products, toiletries, dietary supplements, topical analgesics, and medicated skin products, including certain Gold Bond® talcum powder products.

5. Upon information and belief, Gold Bond Co. is an active North Carolina limited liability company, with its principal place of business in Chattanooga, Tennessee none of whose members are citizens of the same states as PTI Union.  Gold Bond Co. is a producer and marketer of   Gold Bond® product lines, including powders creams and lotions.

6. During the relevant time-period, Chattem n/k/a Gold Bond Co., contracted with PTI Union to blend and bottle certain Gold Bond Co. talc-containing Gold Bond® products. Gold Bond Co. and Chattem are collectively referred to herein as the "Gold Bond Product Owners."

## JURISDICTION AND VENUE

**7.** This Court has subject-matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) in that there is complete diversity of citizenship among the parties and the amount in controversy is in excess of $75,000, exclusive of costs and interest.

8. PTI Union is a citizen of Georgia and Florida for purposes of determining diversity[1].

9. PTI Union is a limited liability company ("LLC") and the citizenship of an LLC is determined by the citizenship of its members.

---

[1] For purposes of determining personal jurisdiction in state court, PTI Union is a citizen of North Carolina and Missouri, an analysis different and distinct from determination of citizenship for federal diversity jurisdiction.

10. The sole member of PTI Union is Broadview Investments, LLC. The sole members of Broadview Investments, LLC are four trusts ("the Trusts").

11. The citizenship of a trust is determined by the citizenship of the trustees. The trustees of the Trusts include citizens and residents of Georgia and Florida. Accordingly, PTI Union is a citizen of Florida and Georgia for purposes of assessing federal diversity jurisdiction.

12. This Court has jurisdiction over PTI Union's claim for declaratory relief pursuant to 28 U.S.C. § 2201(a) because the claim presents a case of actual controversy for which PTI Union seeks a declaration of the rights and legal relations of the parties.

13. This Court has personal jurisdiction over the Gold Bond Product Owners because they and/or their predecessors in interest have incurred indemnification obligations to PTI Union, which conducts business in the State of Missouri, and otherwise contracted with and did business with PTI Union in the State of Missouri related to Gold Bond® talcum powder products. As such, the Gold Bond Property Owners have purposefully availed themselves of the privileges and laws of the State of Missouri.

14. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**STATEMENT OF FACTS--PARTIES AND CONTRACTUAL RELATIONSHIPS**

15. On February 14, 1996, Pharma Tech Industries, Inc. and Martin Himmel, Inc. entered into a Manufacturing Agreement ("1996 Agreement"), which Martin Himmel, Inc. later assigned to Chattem on April 26, 1996 (the "1996 Assignment").

16. Upon information and belief, Chattem acquired the Gold Bond® product line from Martin Himmel on or about April 10, 1996, which included all raw materials, goods in

3

process, finished goods, packaging, supplies, labels, and intellectual property of the Gold Bond® line. Chattem also assumed contractual liabilities, purchase orders, and promotional obligations.

17. Pursuant to the 1996 Agreement and 1996 Assignment, Martin Himmel/Chattem contracted with Pharma Tech Industries, Inc. to blend and bottle certain Gold Bond® products for Martin Himmel/Chattem, pursuant to Martin Himmel/Chattem's specifications.

18. On January 1, 2000, Pharma Tech Industries, Inc. entered into a Manufacturing and Supply Agreement with Chattem (the "2000 Agreement"), pursuant to which Pharma Tech would blend and bottle various Gold Bond® products for Chattem pursuant to its written specifications.

19. PTI Union was formed on November 13, 2007 as a Delaware limited liability company with its principal place of business in Union, Missouri. On April 1, 2008, PTI Union acquired the right to operate the blending and bottling facility and business in Union, Missouri through an Asset Purchase Agreement with Pharma Tech Industries, Inc.[2] (the "2008 Agreement").

20. As a result of the 2008 Agreement, PTI Union acquired the rights and certain obligations contained within both the 1996 Agreement and the 2000 Agreement. In the 2008 Agreement, however, PTI Union did not acquire any product or other liabilities arising from or related to activities that occurred prior to the execution of the 2008 Agreement; nevertheless, Plaintiffs continue to pursue PTI Union for successor liability.

---

[2]Pharma Tech Industries, Inc. changed its name to Black Creek Corporation and dissolved in 2012.

21. Upon information and belief, at the time of Gold Bond Co.'s creation in December 2023, Gold Bond Co. acquired all assets and assumed all liabilities relating to the Gold Bond® product lines.

22. Pursuant to Paragraph 4 of the 1996 Agreement, the Gold Bond Product Owners assumed sole responsible for (i) "the formulas (i.e., the Specifications, manufacturing and test methods and amounts) for each of the Products" PTI Union produced for Chattem, and (ii) "the text for the Products' labeling, packaging and other documents" relating to those Products

23. Furthermore, Paragraph 5 of the 1996 Agreement states in pertinent part:

> MANUFACTURER shall have no liability for any and all demands, actions, claims, losses, damages, and costs and expenses (including without limitation, attorney's fees) arising from the breach by MHI [Chattem/Gold Bond Co.] of its obligations pursuant to Paragraph 4 hereof or the marketing, sale, distribution, labeling or advertising by MHI [Chattem/Gold Bond Co.] of the Products and any new products, whether the claim is based on negligence, breach of warranty or strict liability ("Marketing Claim") and MHI [Chattem/Gold Bond Co.] shall indemnify, defend, and hold MANUFACTURER harmless from any such Marketing Claim. The indemnification obligation hereunder shall be governed by the provisions of Paragraph 6 hereof.

24. Pursuant to Paragraph 6(c)(i) of the 1996 Agreement, the Gold Bond Product Owners (via the 1996 Assignment) assumed the following obligation to indemnify and hold harmless PTI Union for any losses arising out of Plaintiff's claims:

> MHI hereby indemnifies Manufacturer [PTI Union] against and agrees to hold it harmless from any and all damage, loss, liability, expense (including without limitation, reasonable out-of-pocket expense of investigation and reasonable attorneys' fees and expenses in connection with any action, suit or proceeding brought by, against, or involving [PTI Union]) and costs incurred or suffered

5

> by [PTI Union] arising out of (1) any misrepresentation or breach of warranty, covenant or agreement made or to be performed by MHI [Chattem/Gold Bond Co.] pursuant to this Agreement including but not limited to the provisions of Paragraph 4 hereof, and (2) any Marketing Claim for which MHI [Chattem/Gold Bond Co.] is liable pursuant to Paragraph 5 hereof.

25. The 2000 Agreement also sets forth indemnification obligations owed by the Gold Bond Owners to PTI Union:

> Chattem [Gold Bond Co.] agrees to indemnify and hold PTI, its subsidiaries, or affiliated companies, and their officers, directors, employees and shareholders harmless against any and all claims, losses, damages, liabilities (including, without limitation, product liabilities), settlement amounts, costs or expenses, including court costs and reasonable attorneys' fees, which arise from or are in any way caused by any act or omission on the part of Chattem [Gold Bond Co.] in connection with the performance of its obligations under the Agreement, excluding consequential damages therefrom.[3]

26. Pursuant to the 2000 Agreement, Chattem continued to control the formulas, choice of ingredient suppliers, specifications, testing methods, labeling, packaging, and marketing of and relating to the Gold Bond® line of products blended and bottled by PTI Union.

27. PTI Union has blended and bottled all Gold Bond Products for Chattem in accordance with the Specifications, as defined in the 1996 Agreement and 2000 Agreement.

28. Beginning in or around 2018 PTI Union, together with Chattem, has been named as a defendant in numerous product liability complaints in various state courts by individuals alleging injuries from use of Gold Bond Powders PTI Union blended and bottled for MHI and Chattem under the Manufacturing Agreements pursuant to the

---

[3] "Damages" hereinafter will be defined as "losses," "liabilities (including, without limitation, product liabilities), settlement amounts, costs or expenses, including court costs and reasonable attorneys' fees."

6

Specifications ("Product Liability Claims"). As of November 15, 2024, there were approximately 275 such Product Liability Claims pending against PTI Union, and PTI Union expects it will continue to receive such claims in the indefinite future.

29. The individuals asserting Product Liability Claims ("Talc Claimants") seek damages for injuries allegedly caused by the talc contained in the formulas for Gold Bond Powders, including talc allegedly tainted with asbestos. They allege that Chattem and PTI Union were negligent in the manufacturing and test methods and amounts, formulas or ingredient selections, marketing, sale, distribution, labeling and/or advertising of Gold Bond Powders.

30. PTI Union has incurred Damages defending the Product Liability Claims.

31. PTI Union has given the Gold Bond Product Owners timely notice of the Product Liability Claims and requested that they honor their obligations under the Manufacturing Agreements to indemnify and hold PTI Union harmless from Damages arising from such claims.

32. The Gold Bond Product Owners have refused to reimburse PTI Union's Damages or acknowledge their obligation to pay for PTI Union's Damages under the indemnity agreement and thus failed to indemnify PTI Union and hold it harmless from Damages arising from any of the Product Liability Claims.  Notwithstanding the refusal by the Gold Bond Property Owners to reimburse PTI Union's Damages with respect to the Product Liability Claims, at a certain juncture the Gold Bond Property Owners required Talc Claimants to release PTI Union from liability relating to Product Liability Claims the Gold Bond Property Owners settled. Recently, however, the Gold Bond Property Owners settled several cases in which PTI Union was not released from the Product

7

Liability Claims within the Gold Bond Property Owners' settlements. In doing so, the Gold Bond Property Owners materially breached their indemnity obligations to PTI Union requiring PTI Union to defend the Product Liability Claims by itself and exposing it to greater risk of Damages relating to each such Product Liability Claim.

33. Because of the Gold Bond Property Owners' breach of the Manufacturing Agreements, PTI Union has and continues to incur Damages well after the Gold Bond Property Owners settled and exited cases without securing a full release of PTI Union related to Gold Bond Powders produced and packaged under the Manufacturing Agreements.

34. Pursuant to the 1996 Agreement, the 1996 Assignment, and the 2000 Agreement (collectively, "the Agreements"), PTI Union is owed full indemnification from the Gold Bond Product Owners for its Damages, including its legal fees and costs, in this litigation.

## COUNT I – BREACH OF CONTRACT--INDEMNIFICATION AND DEFENSE

35. Plaintiff PTI Union adopts and incorporates the preceding paragraphs as if fully set forth herein.

36. The Gold Bond Product Owners' binding promises under the contractual defense and indemnification provisions of the Agreements obligate them to indemnify and hold harmless PTI Union from any Damages arising from Product Liability Claims brought by the Talc Claimants.

37. Pursuant to the Agreements, the Gold Bond Product Owners are solely responsible for all demands, actions, claims, losses, damages, costs, and expenses arising from the formulation, manufacturing and test methods and amounts, specifications, labeling, packaging, distribution, sale, advertising, and marketing of Gold Bond® products PTI

8

Union blended and bottled for the Gold Bond Product Owners under the Agreements. Further, the Gold Bond Product Owners agreed that PTI Union would have no liability for, and that the Gold Bond Owners would indemnify, defend, and hold PTI Union harmless from, any such Damages.

38. The allegations by the Talc Claimants in their Product Liability Claims trigger the Gold Bond Product Owners' defense and indemnity obligations under the Agreements.

39. If PTI Union were to be found liable for all or part of the damages alleged in any of the Product Liability Claims brought by the Talc Claimants, PTI Union would be entitled to indemnification from the Gold Bond Product Owners pursuant to the terms of the Agreements for all Damages awarded to any Talc Claimant or any other Damages PTI Union has had to pay and such other relief as this Court deems just and appropriate.

40. The Gold Bond Property Owners' continued refusal to provide full indemnification to PTI Union for the Product Liability Claims brought by the Talc Claimants and to reimburse PTI Union for its Damages is a breach of their contractual indemnification obligations and has damaged and continues to damage PTI Union in an amount to be determined at trial but in excess of $75,000.

## COUNT II – IMPLIED/COMMON LAW INDEMNIFICATION

41. Plaintiff PTI Union adopts and incorporates the preceding paragraphs as if fully set forth herein.

42. Pursuant to Fed. R. Civ. P. 8(d)(2), in the event the Court finds that the Gold Bond Product Owners' binding promises under the contractual defense and indemnification provisions of the Agreements do not fully obligate them to defend and indemnify PTI

9

Union against any claims brought by the Talc Claimants, PTI Union asserts this claim for implied or common law indemnification.

43. Courts will impose an implied obligation to indemnify when the obligation is a necessary element of the parties' relationship, or when justice and fairness demand that the burden of paying for the loss be shifted to the party whose fault or responsibility is qualitatively different from the other parties.

44. Pursuant to the Agreements, the Gold Bond Product Owners are solely responsible for the formulation, manufacturing and test methods and amounts, specifications, labeling, packaging, distribution, and marketing of and relating to all the products PTI Union agreed to blend and bottle for the Gold Bond Product Owners.

45. The Talc Claimants allegations allege that PTI Union knew or should have known that "its" talc-containing products that contained talc also contained asbestos, which they allege can and does cause mesothelioma and that PTI Union negligently manufactured, labeled, marketed, and distributed talc-containing products that the Talc Claimants used and/or came into contact with, and which caused Plaintiff's mesothelioma.

46. Any damages that may be assessed against PTI Union in favor of any one of the Talc Claimants, liability for which PTI Union specifically denies, are the direct and proximate result of the acts or omissions of the Gold Bond Product Owners, its agents or employees.  Thus, in the event the Court concludes the express indemnification obligations in the contracts are insufficient to provide complete indemnification to PTI Union for all Damages it incurs as a result of the Product Liability claims, PTI Union is entitled to be indemnified by Gold Bond Product Owners for any Damages incurred

in relation to defending the Product Liability Claims under common law implied indemnity.

## COUNT III – DECLARATORY JUDGMENT

47. Plaintiff PTI Union adopts and incorporates the preceding paragraphs as if fully set forth herein.

48. A genuine controversy exists between PTI Union and the Gold Bond Property Owners concerning whether the Gold Bond Property Owners are obligated under the Manufacturing Agreements to indemnify PTI Union and hold it harmless from Damages arising from Product Liability Claims, and determination of that issue is a proper subject for adjudication under 28 U.S.C. §2201(a).

49. The Gold Bond Product Owners' binding promises under the contractual defense and indemnification provisions of the Agreements obligate them to defend and indemnify PTI Union against the Talc Claimants' allegations.

50. Pursuant to the Agreements, the Gold Bond Product Owners are solely responsible for the formulation, manufacturing and test methods and amounts, specifications, labeling, packaging, distribution, and marketing of and relating to all the products PTI Union agreed to blend and bottle for the Gold Bond Product Owners and therefore solely liable for Damages arising from any Product Liability Claims brought by any Talc Claims, including any judgment for Damages that may be rendered in any such claims.

51. PTI Union is therefore entitled to a declaratory judgment, pursuant to 28 U.S.C. § 2201(a) that the Gold Bond Property Owners are obligated under the Manufacturing Agreements to indemnify PTI Union and hold it harmless from Damages arising from the Product Liability Claims and that PTI Union is entitled to reimbursement by the

Gold Bond Property Owners of all Damages incurred in connection with the Product Liability Claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff PTI Union, LLC hereby respectfully requests that the Court grant the following relief:

A. Enter a judgment in PTI Union's favor against the Gold Bond Property Owners awarding damages in an amount to be determined by a jury to fully indemnify and hold PTI Union harmless for Damages related to the Product Liability Claims.

B. Enter a declaratory judgment pursuant to 28 U.S.C. § 2201(a) declaring that the Gold Bond Property Owners are obligated under the Manufacturing Agreements to indemnify PTI Union and hold it harmless from all Damages arising from the Product Liability Claims and that PTI Union is entitled to reimbursement by the Gold Bond Property Owners for Damages incurred in connection with the Product Liability Claims.

C. Award PTI Union pre-judgment interest, post-judgment interest, and attorneys' fees as allowed by the Manufacturing Agreements and law.

D. Tax the costs of this action against the Gold Bond Property Owners.

E. Direct that all issues of fact be determined by a jury pursuant to Fed. R. Civ. P. 38.

F. Grant such other and further relief as is just and proper.

Dated:  November 25, 2024

Respectfully submitted,
TUCKER ELLIS LLP


By: /s/ Keith J. Grady _____
    Keith J. Grady, #MO46757
    Nicholas Clifford, Jr. #MO44477
    Thomas J. Giacobbe #MO75959
    100 S Fourth Street, Suite 600
    St. Louis, MO 63102
    314.256.2550
    314.256.2549 FAX
    Keith.grady@tuckerellis.com
    Nicholas.clifford@tuckerellis.com
    Thomas.giacobbe@tuckerellis.com
    Attorneys for Plaintiff PTI Union, LLC

Case: 4:24-cv-01582-MTS   Doc. #:  1   Filed: 11/25/24   Page: 13 of 13 PageID #: 50