# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PTI UNION, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:24-cv-01582-MTS |
| CHATTEM, INC., *et al.*, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Plaintiff PTI Union, LLC brings this action arising under state law seeking to invoke this Court's subject-matter jurisdiction under 28 U.S.C. § 1332(a).* Doc. [1] ¶ 1. Such "diversity jurisdiction" is proper only where there is "complete diversity of citizenship among the litigants." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). That is, no plaintiff can have citizenship in the same state where a defendant has citizenship. *Id.* (citing *Owen Equip. & Erection Co. Kroger*, 437 U.S. 365, 373 (1978)). When, as here, a party to an action is a limited liability company ("LLC"), its citizenship is equivalent to that of all its members. *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004); *see also Great River Ent., LLC v. Zurich Am. Ins. Co.*, 81 F.4th 1261, 1263 (8th Cir. 2023). And, when this Court undertakes its "independent obligation to determine whether [diversity] jurisdiction exists," *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), "the Court not only needs to know the citizenship of each member of the LLC, but also the

---

* Plaintiff also states that the Court has jurisdiction over Plaintiff's claim for declaratory relief pursuant to 28 U.S.C. § 2201(a). Doc. [1] ¶ 12. *But see McGowen, Hurst, Clark & Smith, P.C. v. Com. Bank*, 11 F.4th 702, 708 n.2 (8th Cir. 2021) (noting the federal Declaratory Judgment Act is not jurisdictional).

citizenship of any sub-member," *Hill v. Lowe's Home Ctrs., LLC*, 1:21-cv-00185-SRC, 2022 WL 1202363 at *3 (E.D. Mo. Apr. 22, 2022) (citing *Clark v. SL W. Lounge, LLC*, 4:18-cv-01223, 2019 WL 527781, at *2 (E.D. Mo. Feb. 11, 2019)) (explaining that the Court must know "the citizenship of **all** persons and entities within the ownership structure").  This requirement is crucial because an LLC's various members and sub-members may ultimately have the same citizenship as an opposing party and, thus, destroy the complete diversity that § 1332(a) requires.  *See Am. Seeds, LLC v. Dalchow*, 0:12-cv-02951-JNE-LIB, 2012 WL 5931721, at *1 (D. Minn. Nov. 27, 2012) (quoting *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)).  As ever, "[t]he burden of proving the existence of subject matter jurisdiction rests with the party invoking federal jurisdiction." *Magee v. United States*, 9 F.4th 675, 680 (8th Cir. 2021).

Plaintiff has failed to identify the members of Defendant Gold Bond Co., LLC.  Rather, it states only that "[u]pon information and belief," Defendant Gold Bond Co., LLC is a limited liability company "none of whose members are citizens of the same states as" Plaintiff.  Doc. [5].  "Federal courts are courts of limited jurisdiction," and they possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Rather than simply assuming that the Defendant LLC's members are not members of the same state as Plaintiff's members, this Court must "presum[e]" the opposite. *See id.*  The "burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*  Here, the Court can "be assured of its own jurisdiction" only if Plaintiff identifies each of the LLC's members and sub-members and their citizenship such that complete diversity is apparent.  *See James v. Moore*, 1:23-cv-00115-SNLJ, 2023 WL 4350944, at *1 (E.D. Mo. July

5, 2023); *accord NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016) ("[W]ith respect to a limited liability company, the citizenship of all of the members must be pled.").

For this same reason, Plaintiff must plead more facts about its own member's sub-members, which it identifies as four nameless trusts. *See OHM Hotel Grp., LLC v. Dewberry Consultants, LLC*, 4:15-cv-1541-CAS, 2015 WL 5920663, at *1 (E.D. Mo. Oct. 9, 2015) (explaining that to establish the citizenship of trusts, "facts concerning their underlying . . . trustees or beneficiaries must be alleged in accordance with the rules applicable to each such type of entity, through however many layers of ownership there may be"); *Midwest Renewable Energy, LLC v. Roemer Mach. & Welding Co.*, 4:13-cv-00027-HDV, 2013 WL 12155351, at *2 (S.D. Iowa Feb. 7, 2013) (explaining that it is not enough to simply allege that trust beneficiaries or trustees "are all citizens" of *x* or *y*, but rather, the court must be informed of "their names and citizenships").  Indeed, as currently pleaded, the Complaint does not even provide the Court with sufficient information "to permit the Court to determine what type of trusts these are," which would determine whether the trusts' beneficiaries, trustees, or both need to be considered for purposes of diversity jurisdiction.  *See Senderra Rx Partners, LLC v. Express Scripts, Inc.*, 4:21-cv-0521-RLW, 2021 WL 5802483, at *4 (E.D. Mo. Dec. 7, 2021), *appeal dismissed*, 21-3996, 2022 WL 774075 (8th Cir. Feb. 9, 2022).

If Plaintiff can overcome the presumption that this cause lies outside the Court's limited jurisdiction by pleading facts that establish this Court's subject matter jurisdiction, it must file an amended complaint doing so.  *See* 28 U.S.C. § 1653 (allowing amendment of pleadings to show jurisdiction).  Failure to do so will result in the dismissal of this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **Friday**, **December 06, 2024**, Plaintiff must file an amended complaint that establishes this Court's subject matter jurisdiction. Failure to do so will result in dismissal of this action without prejudice.

Dated this 27th day of November 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE